UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                      CRIMINAL ACTION NO. 3:08CR-119-S

THOMAS SCHROEDER                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendant, Thomas Schroeder, for severance (DN 94). Schroeder alleges that the Superseding Indictment improperly alleges the commission of two separate conspiracies in Count 1, and that these offenses should be severed and tried individually.

In *United States v. Shumpert Hood*, 210 F3d 660, 662 (6th Cir. 2000), the Sixth Circuit stated that "[a]n indictment is duplicitous if 'it joins in a single court two or more distinct and separate offenses.'" (*quoting United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). "However, the mere existence of 'multiple theories of liability or multiple factual predicates for violation of a statute does not render the indictment duplicitous.'" *United States v. McDougle*, 82 Fed.Appx. 153, 2003 WL 22734840 (6th Cir. 2003), *quoting United States v. Washington*, 127 F.3d 510, 512-13 (6th Cir. 1997)(overt acts listed in one count were multiple factual predicates: not duplicitous). In determining whether a single conspiracy is charged, the court will consider, among other factors, whether a common goal exists, the nature of the scheme, and any overlap of participants. *See United States v. Maceo*, 947 F.2d 1191, 1196 (5th Cir. 1991). Additionally, as noted in *United States v. Caver*, 470 F.3d 220, 236 (6th Cir. 2006), "[A] single conspiracy does not become multiple conspiracies simply because each member...did not know of or become involved in all of the

activities in furtherance of the conspiracy." *Id., quoting United States v. Warner*, 690 F.2d 545, 548 (6th Cir. 1982).

Schroeder alleges that Count 1 of the Superseding Indictment alleges two conspiracies, one to defraud the National Center on Public Education and Social Policy ("NCPE-URI"), and the University of Louisville ("U of L"),and the second to defraud the Rock Island County Council on Addiction ("RICCA"). Schroeder contends that although the alleged conspiracies purportedly had the common membership of Schroeder and co-defendant Robert Felner, the alleged schemes were distinct in time and method, and the allegedly defrauded entities were unaware of each other.

The United States urges that a common thread existed throughout the execution of the scheme to defraud. It contends that Schroeder and Felner used a sham entity, the National Center on Public Education and Prevention ("NCPEp"), to defraud multiple victims and to launder the proceeds of their fraud. It urges that there were multiple overt acts of fraud against multiple victims in the execution of the scheme which were perpetrated through the use of fraudulent NCPEp invoices. The United States contends that NCPEp was a subterfuge through which Schroeder and Felner aided each other in defrauding victims and diverting funds.

Schroeder has not established that the fraud against various entities is separable. It appears that a common goal, common participation by the co-defendants, and a common plan are alleged in the Superseding Indictment. Therefore, the motion for severance (DN 94) is **DENIED.**

**IT IS SO ORDERED.**