UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,                                                PLAINTIFF

v.                                             CRIMINAL ACTION NO. 3:08-CR-119-S

THOMAS SCHROEDER,                                            DEFENDANT

## **OPINION AND ORDER**

Thomas Schroeder stands accused of (*inter alia*) mail fraud and money laundering.

Count 1 of the superseding indictment alleges that Schroeder violated 18 U.S.C. § 1341, which criminalizes (*inter alia*) use of the mails for the perpetration of "any scheme or artifice to defraud," as well as "any scheme or artifice . . . for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." The first clause "includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346.

Count 2 charges Schroeder with violating 18 U.S.C. §§ 1956(a)(1)(B)(ii) and 1956(h), which criminalize the use of a financial transaction involving the proceeds of unlawful activity to avoid a transaction reporting requirement, and conspiracy to do same.

Schroeder has moved to have these charges dismissed in light of the Supreme Court's recent decision in *United States v. Skilling*, No. 08-1394, 561 U.S. ___ (June 24, 2010). In *Skilling*, the Court restricted the meaning of "honest services" fraud under § 1346 to its core—i.e. "fraudulent schemes to deprive another of honest services through bribes or kickbacks supplied by a third party who had not been deceived." Slip op. at 39, 45. The case involved the defendant manipulating his firm's (Enron Corporation's) financial statements and making misleading public statements regarding its performance. *Id.* at 3. Financial benefits accrued to the defendant when the firm's apparent success led to his receipt of salary, bonuses and stock. *Id.* He was charged with having

deprived Enron and its shareholders of his honest services, but there was no allegation that he accepted a bribe or a kickback in exchange for making the various misrepresentations. *Id.* at 49. His conduct thus fell outside § 1346's core, and he did not commit honest services fraud under the Court's narrow definition. *Id.* at 50.

Schroeder argues that he is charged under the same statute as was Skilling, that the alleged scheme involved no bribes or kickbacks, and that therefore his alleged conduct falls outside the statute's meaning and he cannot be prosecuted.

The court does not agree with this analysis. Indeed the citation to *Skilling* is a non sequitur: While it's true that the allegations in the superseding indictment do not fall within the Court's definition of "honest services fraud," Schroeder is not charged with depriving anyone of honest services. (Section 1346 is cited nowhere in the superseding indictment.) He is charged with depriving the National Center on Public Education and Social Policy (NCPE), the University of Louisville (U of L), the University of Rhode Island (URI), and the Rock Island Country Council on Addiction (RICCA) of hundreds of thousands of dollars. The allegations are (1) that Schroeder and his co-conspirator Robert Felner fraudulently induced various NCPE clients to remit payments to Schroeder's company, the National Center on Public Education and Prevention (NCPEP), so that Felner and Schroeder could use the money for their personal benefit; and (2) that Schroeder and Felner fraudulently induced U of L and RICCA to make various payments to NCPEP for work that was never performed. Each of these allegations falls squarely within the meaning of the second clause of § 1341 quoted above. They involve the defendant allegedly obtaining money by misrepresenting either (in the first instance) who was entitled to be paid, or (in the second) that the

work would be performed. Schroeder is not charged with honest-services fraud, and *Skilling* is irrelevant to the case at bar.

Schroeder's motion to dismiss (DN 114) is hereby **DENIED**.

**SO ORDERED**.