UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                     CRIMINAL ACTION NO. 3:08CR-119-S

THOMAS SCHROEDER                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Thomas Schroeder, for a judgment of acquittal or, alternatively, for a new trial on Count 3 of the Superseding Indictment. This matter was tried to a jury August 11 through September 2, 2010. The jury returned verdicts on September 8, 2010, acquitting Schroeder on Counts 1 and 2 and convicting him on Count 3. Schroeder moved for judgment of acquittal not withstanding the verdict as to Count 3and made a motion for a new trial, both of which were denied.

Schroeder now seeks a judgment of acquittal pursuant to Fed.R.Crim.P. 29. In considering a motion for judgment of acquittal, the court must view the evidence in the light most favorable to the prosecution and grant the motion only if the court determines that no reasonable jury could find the essential elements of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002). The United States is given the benefit of all reasonable inferences which may be drawn from the evidence. *United States v. Davis*, 981 F.2d 906, 908 (6th Cir. 1992). Credibility determinations are left to the jury. *Id.*

Schroeder was indicted for mail fraud (Count 1), conspiring to launder money (Count 2), and conspiring to impede and impair the IRS (Count 3).

Count 1 charged Schroeder and his co-defendant, Robert Felner with devising a scheme to defraud the University of Rhode Island, the University of Louisville, and the Rock Island County Council on Addictions. Count 2 charged him with conspiring with Felner to engage in various financial transactions with the proceeds of mail fraud. Count 3 also charged Schroeder with conspiring to impede or impair the IRS in its lawful function, including the assessment and collection of income taxes. The jury acquitted Schroeder of mail fraud and money laundering, but found him guilty of conspiring to impair or impede the IRS.

Contrary to the contention of the defendant, an acquittal as to Counts 1 and 2 is not a rejection of the facts alleged in those charges. Rather, an acquittal indicates the jury's finding that the proof adduced did not establish beyond a reasonable doubt the commission of the crime charged in that count. A given fact set may form the basis for charges of various sorts. In this instance, the jury found that the facts did not support a finding that Schroeder committed mail fraud or conspired with Felner to launder money, but did conclude that he and Felner conspired to conceal income from the IRS through an entity, the NCPEp. These verdicts are not inconsistent. Schroeder's contention that we must cleanse all facts alleged in Counts 1 and 2 from consideration of the proof adduced as to Count 3 is wholly unsupported and without merit.

Schroeder urges that there was insufficient evidence to establish an agreement to impede the IRS in the collection of taxes or to establish Schroeder's participation in such a plan. The court need not restate the ample evidence adduced at trial by which a reasonable jury could find beyond a reasonable doubt that Schroeder was complicit with Felner in a conspiracy to impede the IRS in the

collection of taxes. The testimony of Schroeder's accountant, John Timer, and evidence concerning Schroeder's conduct with respect to 1096 and 1099 forms, various checks drawn on the NCPEp account, and the like, belie Schroeder's assertion that he was merely "an individual taxpayer - having no connection whatsoever to Robert Felner - who reported all of his gross receipts for each of the afore-listed tax years..." Acquittal Motion, p. 7.

Schroeder alternatively seeks a new trial pursuant to Fed.R.Crim. P. 33 on the ground that (1) the court committed reversible error in failing to give his tendered instruction on good faith, and (2) the United States effectively amended Count 3 by abandoning the allegation that Schroeder failed to report gross income from NCPEp, and establishing instead an over-reporting of expenses. The court should grant a new trial only where the evidence preponderates heavily against the verdict. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988).

The failure to give a requested instruction to the jury constitutes reversible error if (1) the requested instruction was a correct statement of the law, (2) the requested instruction was not substantially covered by the instructions which were given, and (3) the failure to give the requested instruction impaired the defense theory of the case. *United States v. Newcomb*, 6 F.3d 1129, 1132 (6th Cir. 1993). The court reviews the instructions as a whole in considering a motion for new trial. *Id.*

In this instance, the defendant contended that he relied upon the information given to him by others such as his accountant and Felner. Thus he contended that he did not intend to conceal income, but did what he believed he was required to do based upon the representations of others. The jury was instructed that in order to find Schroeder guilty as to Count 3, it must find beyond a reasonable doubt that he acted voluntarily and intentionally and not because of mistake or accident

in concealing income. The instructions adequately addressed Schroeder's theory without turning the instructions into a closing argument for the defense. The failure to give the requested instruction did not in any way impede the defense's ability to urge his theory of the case.

Finally, Schroeder contends that the United States abandoned proof of the overt acts charged in the indictment and instead proceeded on a theory that he overstated his expenses.

In his argument, the defendant specifically identifies the testimony of Robert Masterson that "it appeared that Thomas Schroeder claimed un-reimbursed expenses in his Schedule C returns that had been reimbursed by RICCA or NCPEp." Reply Brief, p. 7. Such conduct also supports the theory that Schroeder concealed income. This was not the only evidence proving Count 3. Count 3 charges an agreement between Felner and Schroeder the object of which was to conceal income from the IRS by depositing the income into NCPEp bank accounts. The jury was instructed that in order to find Schroeder guilty as to Count 3, it must find beyond a reasonable doubt that from 2001 through 2008, Schroeder and Felner agreed to defraud the IRS by dishonest means; that Schroeder knowingly and willfully joined in the agreement; and that a member of the conspiracy did one of the overt acts described, for the purpose of advancing the conspiracy. The jury was also instructed that the overt act may, but for the alleged unlawful conspiracy, appear totally innocent and legal.

There was more than sufficient evidence upon which the jury could find the existence of the charged agreement between Felner and Schroeder, Schroeder's knowing and voluntary participation in that agreement, and the commission by a conspirator of a charged overt act in furtherance of the agreement. The contention that a portion of the United States' proof constituted a variance in Count 3 requiring a new trial is without merit.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Thomas Schroeder, for judgment of acquittal or, alternatively, for a new trial (DN 147) is **DENIED.**

**IT IS SO ORDERED.**