UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                  PLAINTIFF

v.                                                        CRIMINAL ACTION NO. 3:08CR-119-S

THOMAS SCHROEDER                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the count on motion of the defendant, Thomas Schroeder, for release pending appeal (DN 183). The matter was tried to a jury August 11 through September 2, 2010 resulting in a conviction on Count 3 of the Superseding Indictment. On November 23, 2010, the court denied Schroeder's motion for judgment of acquittal notwithstanding the verdict (DN 160). Schroeder was sentenced to 46 months imprisonment on February 17, 2011 (DN 182). Schroeder filed a notice of appeal of his conviction and sentence on February 17, 2011.

Under the pertinent portions of 18 U.S.C. § 3143, Schroeder must be detained unless (1) the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community and (2) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial. 18 U.S.C. § 3143(b)(1). Schroeder bears the burden of showing that these conditions are met. *See United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

Schroeder has failed to meet this burden to show that the appeal raises a substantial question of law or fact likely to result in reversal or a new trial.

An appeal raises a "substantial question" of law or fact when it presents a "close question or one that could go either way." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (citing *United States v. Powell*, 761 F.2d 1227, 1233–34 (8th Cir. 1985)). The question must be "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id.* In his brief, Schroeder identifies a number of issues he claims raise substantial questions of law or fact. Upon review, however, the court concludes that none of these matters constitute a "close question or one that could go either way."

The court has already analyzed in detail most of the issues the defendant identified in his present motion. In a Memorandum Opinion and Order entered November 23, 2010 (DN 160), the court examined Schroeder's same arguments concerning (1) sufficiency of the evidence of conspiracy, (2) the court's refusal to give a theory of the defense instruction, and (3) Schroeder's allegation of variance between the indictment and the proof of conspiracy. The court ultimately concluded that these arguments were without merit. Schroeder has raised these issues again, reiterating the arguments previously found unavailing, and citing no additional basis upon which to challenge the court's prior conclusions.

Schroeder has also argued that the court improperly calculated his base offense level by concluding that the tax loss resulting from the crime exceeded $400,000.00. "In a tax loss case, a defendant's sentence may be based on both the tax loss that he caused directly and the tax loss caused by his coconspirators, if that loss was reasonably foreseeable to the defendant." *United States v. Clark*, 139 F.3d 485, 490 (5th Cir. 1998), *citing United States v. Charroux*, 3 F.3d 827, 838 (5th Cir. 1993). Schroeder's argument runs in tandem with his contention that there was insufficient

evidence to convict him for conspiracy to defraud the IRS. He urges that there was no evidence that "Schroeder had any cognizance of Robert Felner's tax evasion in the years 2002, 2003, 2004, 2005, 2006, and 2007." "Cognizance" is not required; rather the tax loss resulting from the activity (conspiring to conceal NCPEp income from the IRS) must be foreseeable to the defendant. The jury believed from the evidence that Felner and Schroeder conspired to conceal NCPEp income from the IRS. IRS Special Agent Masterson testified at sentencing that the tax loss exceeded $400,000.00, and that the NCPEp accounts through which money flowed to the con-conspirators were controlled by Schroeder or were known to him.

In overruling Schroeder's objection to the calculation of tax loss in the presentence report, the court indicated that the United States was not required to prove that Schroeder walked arm-in-arm with Felner in his omissions and crimes. Rather, the court found that in light of the proof which established that Schroeder and Felner worked closely and were compatriots in this conspiracy, it was proper to include figures associated with Felner's conduct in calculating the tax loss. The court finds that the findings on the record were sufficient and were not in error.

The court concludes that none of the issues raised by Schroeder presents a substantial question of law or fact likely to result in a reversal or a new trial in this case. Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Thomas Schroeder, for release pending appeal (DN 183) is **DENIED.**

**IT IS SO ORDERED.**